# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| CHRISTINA E. RAGLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 18-06104-CV-SJ-WJE-SSA |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Christina E. Ragle filed this action seeking judicial review of a final administrative decision of the Commissioner of Social Security (Commissioner) denying her disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.,* and Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* Pending before the Court is the Commissioner's motion to dismiss Plaintiff's Complaint (Doc. 6), and Suggestions in Support thereof (Doc. 7). Plaintiff has not filed suggestions in opposition to the motion. Plaintiff's allotted time to respond has elapsed, and the motion to dismiss is now ripe for consideration. For the reasons that follow, the Commissioner's motion to dismiss will be granted.

## Background

Ms. Ragle filed her applications for DIB and SSI on May 13, 2014, and May 19, 2014, respectively. (Doc. 7-1 at 9). In both applications, Ms. Ragle alleged a disability onset of April 1, 2010. *Id.* She was initially denied DIB and SSI on October 15, 2014. *Id.* She then requested a hearing which was held on December 21, 2015. *Id.* During the hearing, Ms. Ragle, through her representative, amended the alleged onset date of disability to November 19, 2011. *Id.* The Administrative Law Judge (ALJ) issued a decision on February 24, 2016 denying Ms. Ragle's claims. (Doc. 7-1 at 3). Ms. Ragle sought review by the Appeals Council which was denied on May 12, 2017. (Doc. 7-2). Ms. Ragle was advised by the Appeals Councils of her right to appeal the final decision to a United States District Court within 60 days. *Id.* Due to the Appeals Council's

denial of review, the ALJ's decision stands as the final decision of the Commissioner. On July 3, 2018, Ms. Ragle filed a Complaint in this Court seeking review of the Commissioner's decision. (Doc. 1). Prior to the filing of this action, Ms. Ragle did not request an extension to file her Complaint. (Doc. 7-1 at 3).

**Legal Standard for a Motion to Dismiss in a Social Security Case**

"Congress, acting within its constitutional powers, may prescribe the procedures and conditions under which, and the courts in which, judicial review of administrative orders may be had." *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958) (quoting *Labor Board v. Cheney California Lumber Co.*, 327 U.S. 385, 388 (1946)). It is commonly known that the Social Security Administration is an administrative agency governed by congressional action and legislation. *See generally Barnhart v. Walton*, 535 U.S. 212 (2002). Within the context of Social Security cases, Congress has decided that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which [she] was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).

The sixty day filing requirement outlined in 42 U.S.C. § 405(g) "is not jurisdictional but rather is a statute of limitations and as such will bar suit unless it is tolled." *Caran v. Bowen*, 834 F.2d 720, 721 (8th Cir. 1987). The sixty-day statute of limitations period provided by Congress serves "to move millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). Generally, circumstances that might toll a limitations period involve conduct, by someone other than the claimant, that is misleading or fraudulent. *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988) (quoting *Smith v. McClammy*, 740 F.2d 925, 927 (11th Cir. 1984)). But where there are "no facts plead or issues raised which might toll the statute," the Court is bound to hold that an action in the district court was untimely filed and thus barred. *Caran*, 834 F.3d at 721.

**Discussion**

In this case it is clear that Ms. Ragle's Complaint is barred by the statute of limitations prescribed in 42 U.S.C. § 405(g). When the Appeals Council denied Ms. Ragle's request for review on May 12, 2017, that decision served as the final decision of the Commissioner. The

Appeals Council's refusal to review was made after a hearing in which Ms. Ragle participated and was a party. As such, she had sixty days from the date of presumptive receipt of the final decision to file her Complaint in district court. Because the date of presumptive receipt is five days after the date of issue, she had from May 17, 2017 until July 17, 2017 to bring this civil action. 20 C.F.R. §§ 404.901 and 416.1401. Ms. Ragle filed her Complaint on July 3, 2018, which is almost one year outside of the allowable limitations prescribed in 42 U.S.C. § 405(g) and is, therefore, untimely. This Court notes that Ms. Ragle had not requested an extension of time to file this lawsuit in district court. Due to Ms. Ragle's failure to respond to the motion to dismiss, this Court is not aware of any facts or issues suggesting fraudulent or misleading conduct that would warrant tolling. Consequently, her Complaint is barred by the applicable statute of limitations and should be dismissed.

## Conclusion

Because Plaintiff's Complaint was not timely filed with the United States District Court, and because the circumstances in this case do not support an equitable tolling of the sixty-day statute of limitations, the Court finds the Commissioner's motion to dismiss should be granted.

IT IS, THEREFORE, ORDERED that defendant the Commissioner of Social Security's motion to dismiss Plaintiff Christina E. Ragle's Complaint is GRANTED.

**IT IS SO ORDERED.**

Dated this 21st day of September, 2018, at Jefferson City, Missouri.

Willie J. Epps, Jr.
United States Magistrate Judge